UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>DOC, et al.,<br><br>    Defendants. | CAUSE NO. 3:19-CV-760-RLM-MGG |

OPINION AND ORDER

Matthew Brooks, a prisoner without a lawyer, filed a complaint against six defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Brooks, who is confined at the Pendleton Correctional Facility, alleges that he was subjected to excessive force while housed at the Indiana State Prison and was denied medical treatment for the injuries that resulted from the incident. He has sued the Department of Correction, Ron Neal (the Warden), Wexford, Nurse Susan, Nurse Tiffany, and Officer R. Farlie for monetary

damages.[1] Mr. Brooks alleges that on June 5, 2019, Officer Farlie put him in a choke hold and pushed him down the stairs. Because he was in handcuffs at the time, Mr. Brooks tumbled straight down the stairs and hit his head on the wall. The incident caused Mr. Brooks serious pain including a headache, neck and shoulder soreness, and bruising on his arms. Mr. Brooks was seen by medical personnel on the day of the incident, and photographs of his injuries were taken. He alleges that he subsequently filled out medical request forms about the continued pain in his back but wasn't seen by medical personnel for over nine months. At some point, he asked Nurse Tiffany and Nurse Susan for an x-ray, but that request was denied.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id.

Mr. Brooks alleges that Officer Farlie put him in a choke hold and pushed him down the stairs—while handcuffed—for no legitimate reason. Giving Mr. Brooks the inferences to which he is entitled at this stage, he has stated a

---

[1] The docket sheet also lists ISP as a separate defendant, but Mr. Brooks lists the Warden as "Indiana State Prison Warden Ron Neal" and makes it clear that he is only suing six defendants. *See* ECF 1 at 1. Therefore, the clerk is DIRECTED to remove ISP as a defendant in this action.

plausible claim against Officer Farlie in his individual capacity for using excessive force against him in violation of the Eighth Amendment. That said, he hasn't alleged that the Warden had any personal involvement in the matter, and the Warden cannot be held liable simply because he oversees the operations of the prison or supervises other correctional officers. See Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009); Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).[2]

Turning to the medical claims, under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the

---

[2] Mr. Brooks does allege that he "wrote a grievance to the Warden" *after* the incident had occurred, which was denied. See ECF 4-1. This does not state a claim against the Warden both because *respondeat superior* liability does not attach to the alleged mishandling of a grievance and because there is no indication the Warden had any prior knowledge of the impending attack by Officer Farlie. See Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ([T]he alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); see also Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (A plaintiff must establish that "the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.") (citation omitted).

subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). In order for a medical professional to be held liable for deliberate indifference to a serious medical need, the decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (citations omitted).

Mr. Brooks speculates that his back or neck might be broken because he can't move well sometimes upon waking. He says he has filed medical requests about the issue, but he doesn't provide any additional details about his medical condition.[3] He does say that he asked Nurse Tiffany and Nurse Susan for an x-ray at some point and that the request was denied, but he doesn't say who denied it. Even assuming it was Nurse Tiffany and Nurse Susan who denied the x-ray, these sparse allegations don't state a plausible claim against either of the them. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] As part of a supplement Mr. Brooks filed, he incuded a request for healthcare slip dated September 7, 2019. ECF 4-1 at 1. In it, he notes that he is "still having back and neck problems," and he requests an x-ray. He was given Tylenol for the pain. Id.

plausible on its face") (internal quotation marks and citation omitted); see also Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("[T]he Constitution is not a medical code that mandates specific medical treatment.").

Mr. Brooks has sued Wexford along with the individual nurses. A private company performing a state function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). See Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012) (Monell framework applies to private company providing medical care at correctional facility). But corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Mr. Brooks doesn't identify any policy or practice maintained by Wexford that resulted in his allegedly inadequate care. He hasn't stated a claim on which relief can be granted against Wexford.

Finally, Mr. Brooks has named the Department of Correction and Indiana State Prison as a defendants. State agencies such as those are immune from suit pursuant to the Eleventh Amendment. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th

Cir. 1999). None of these exceptions apply here, so Mr. Brooks can't proceed against the Department of Correction or Indiana State Prison.

For these reasons, the court:

(1) GRANTS Matthew Brooks leave to proceed against Officer R. Farlie in his individual capacity for compensatory damages for subjecting him to excessive force on June 5, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the DOC, Indiana State Prison, Ron Neal, Wexford, Nurse Susan, and Nurse Tiffany;

(4) DIRECTS the clerk to request Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) Officer R. Farlie at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Officer R. Farlie if he does not waive service if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer R. Farlie to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Matthew Brooks has been granted leave to proceed in this screening order.

SO ORDERED on October 1, 2020

                                                                  s/ Robert L. Miller, Jr.
                                                                  JUDGE
                                                                  UNITED STATES DISTRICT COURT