UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW BROOKS,

    Plaintiff,

    v.                                CAUSE NO.: 3:19-CV-760-RLM-MGG

OFFICER R. FARLIE,

    Defendant.

OPINION AND ORDER

Matthew Brooks, a prisoner without a lawyer, is proceeding in this case on one claim "against Officer R. Farlie in his individual capacity for compensatory damages for subjecting him to excessive force on June 5, 2019, in violation of the Eighth Amendment[.]" ECF 37 at 6. Officer Farlie moved for summary judgment, arguing that Mr. Brooks hadn't exhausted his administrative remedies before filing suit. ECF 44. Mr. Brooks filed a response and Officer Farlie filed a reply. ECF 51 and 52.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). Inmates are only required to exhaust administrative remedies that are available, however. Woodford v. Ngo, 548 U.S. 81, 102 (2006). A remedy's availability isn't a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies are not considered available when prison staff hinder an inmate's ability to use the administrative process. *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

In a declaration, Indiana State Prison Grievance Specialist Joshua Wallen says that a grievance process was available to Mr. Brooks at the time of the incident alleged in his complaint. ECF 45-1 at 2. This policy sets forth a four-step grievance process. *Id.* at 3. First, an inmate is encouraged to resolve his complaint informally by contacting an appropriate staff member. *Id.* Second, if the inmate can't resolve the complaint informally, he may file a formal grievance within ten business days from the date of the incident giving rise to the complaint. *Id.* Third, if an inmate is dissatisfied with the Grievance Specialist's determination on a formal grievance, he

may file an appeal with the warden or his designee. *Id*. Fourth, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id*. An offender must timely complete each step of the process to successfully exhaust the grievance process. *Id*.

The grievance process provides that within ten days of receipt of the offender's grievance, the facility staff shall investigate the grievance, prepare a written response summarizing the findings and the decision, and forward the written response to the Grievance Specialist. ECF 45-2 at 11. If an offender receives no grievance response within 20 business days of being investigated by the Grievance Specialist, the offender may appeal as though the grievance had been denied. *Id*.

According to the grievance records, Mr. Brooks submitted Grievance No. 107910 on June 20, 2019, complaining of the incident alleged in his complaint. ECF 45-3 at 2. Mr. Brooks requested as relief that he be allowed to press charges and that Officer Farlie be fired. *Id*. The prison denied the grievance on July 22, 2019, responding that: (1) Officer Farlie never received an informal grievance from Mr. Brooks; (2) Officer Farlie's report indicated he used reasonable force against Mr. Brooks and Mr. Brooks was responsible for his injuries; (3) Internal Investigations was currently investigating the incident; and (4) "[p]er policy 00-02-301, you cannot grieve for staff discipline." *Id*. The grievance records indicate Mr. Brooks never appealed the denial of Grievance 107910. *Id*.

Mr. Brooks concedes he didn't appeal the prison's denial of Grievance 107910. ECF 51-1. The court accepts that as undisputed. Instead, Mr. Brooks argues the grievance process was effectively unavailable to him for a variety of reasons.

First, Mr. Brooks argues the grievance process was unavailable because he never received a response to Grievance 107910 and so couldn't file an appeal. *Id.* at 5-8. Assuming Mr. Brooks never received any response to Grievance 107910, the grievance process directs offenders to treat a non-response as a denial after twenty business days, so Mr. Brooks was free to appeal the denial of his grievance at that time. *See* ECF 45-2 at 11. Second, Mr. Brooks argues he successfully submitted an informal grievance before submitting Grievance 107910, but this does nothing to remedy his failure to appeal the denial of Grievance 107910. ECF 51-1 at 4-5. Third, Mr. Brooks asserts the grievance process was unavailable due to "the intimidation and retaliation of Officer Farlie," but there is no evidence Officer Farlie denied Mr. Brooks access to the grievance process. *Id.* at 7-8. Lastly, Mr. Brooks argues the grievance process was unavailable because the prison's response to Grievance 107910 stated "you cannot grieve for staff discipline," suggesting he no longer could proceed with the grievance process. *Id.* This allegation is inconsistent with Mr. Brooks' assertion that he never received any response to Grievance 107910 and, regardless, doesn't excuse Mr. Brooks' failure to file an appeal. Moreover, the prison rejected Grievance 107910 for several reasons, only one of which related to the invalid relief requested. *See* Dole v. Chandler, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that "[e]xhaustion is necessary even if the prisoner is requesting relief that the relevant

4

administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins") (citations and quotation marks omitted).

In sum, the undisputed facts show Mr. Brooks didn't comply with the requirements of the grievance process because he didn't appeal the denial of Grievance 107910 and didn't present evidence of any valid excuse for his failure to appeal. Mr. Brooks did not exhaust his available administrative remedies with respect to his claim. *See* Pozo v. McCaughtry, 286 F.3d at 1023. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 44);

(2) DISMISSES this case; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on June 24, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT