0ED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW BROOKS,

    Plaintiff,

    v.

OFFICER R. FARLIE,

    Defendant.

CAUSE NO.: 3:19-CV-760-RLM-MGG

OPINION AND ORDER

Matthew Brooks, a prisoner without a lawyer, files a belated motion for reconsideration from the court's order granting summary judgment in favor of Officer Farlie. The court granted Officer Farlie's summary judgment motion because the undisputed facts showed Mr. Brooks didn't exhaust his administrative remedies before filing suit. The court found (1) it was undisputed Mr. Brooks didn't appeal the prison's denial of Grievance 107910, and (2) Mr. Brooks didn't show the grievance process was unavailable to him.

"A district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e)." Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 761 (7th Cir. 2001) (quotation marks, brackets, and citation omitted). Because Mr. Brooks didn't file his motion for reconsideration until more than 28 days after the entry of judgment, this court has no authority to address the motion under Rule 59(e). *See id.*; Fed. R. Civ. P. 59(e) ("[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). Mr. Brooks is within the one-year

period for seeking relief under Federal Rule of Civil Procedure 60(b), so the court construes Mr. Brooks' belated motion for reconsideration as a Rule 60(b) motion.

Obtaining relief under Rule 60(b) is difficult; the rule provides an "extraordinary remedy" that is granted "only in exceptional circumstances." Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005). Reasons for granting such relief include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b).

Mr. Brooks acknowledges that he previously conceded he never appealed the prison's denial of Grievance 107910. Mr. Brooks now argues a newly discovered "Request for Interview" form suggests he did appeal the prison's denial of Grievance 107910. Mr. Brooks attaches the "Request for Interview" form, in which he told his case worker "I sent you my response to my Formal Grievance and I attached my appeal for Case # 107910[.]"

Mr. Brooks conceded in his response to the summary judgment motion that he never appealed Grievance 107910. Instead, he argued only that the grievance process had been made unavailable to him. Mr. Brooks cannot now argue for the first time in his motion for reconsideration that he did appeal Grievance 107910. See King v. Ford Motor Co., 872 F.3d 833, 838–839 (7th Cir. 2017) (holding that arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not

2

properly presented for the first time in a motion for reconsideration"); *see also* Publishers Resource v. Walker–Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion). Mr. Brooks says he was unable to provide the "Request for Interview" form sooner because he wasn't aware it existed and didn't have it in his possession, but the document was within Mr. Brooks' personal knowledge and he hasn't explained why he couldn't have discovered it earlier with reasonable diligence. *See* ECF 51-1 at 7; Fed. R. Civ. P. 60(b)(2) (providing that a case can be reopened only where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). Accordingly, Mr. Brooks has not raised any argument that warrants reconsideration of the court's order granting summary judgment in Officer Farlie's favor.

For these reasons, the court construes Mr. Brooks' belated motion for reconsideration (ECF 55, ECF 55-1) as a Rule 60(b) motion and DENIES the motion on the merits.

SO ORDERED on October 19, 2021

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT